UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CV-204 |
| | ) | |
| vs. | ) | |
| | ) | |
| CONNIE HICKS d/b/a | ) | |
| A NEW IMAGE WEIGHT LOSS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

The United States of America has filed a Motion for Default Judgment and Order of Permanent Injunction [Doc. 12] and supporting memorandum [Doc. 13] and affidavit [Doc. 14]. This motion was referred to the undersigned for a report and recommendation by the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 15]. This matter is now ripe for resolution.

**I.  Procedural Background**

Plaintiff filed a complaint against Defendant on November 19, 2018 [Doc. 1]. A summons was issued on November 20, 2018 [Doc. 2] and returned executed on January 30, 2019 as served on December 19, 2018 [Doc. 7]. Defendant did not file an answer or any other pleading within the time period required by Rule 12 of the Federal Rules of Civil Procedure. On February 14, 2019, Judge McDonough ordered Plaintiff to file a response before February 22, 2019 showing why its claims against Defendant should not be dismissed for failure to prosecute [Doc. 8]. On February 15, 2019, Plaintiff filed an application for clerk's default as to Defendant [Doc. 9]. The clerk entered a default against Defendant on March 8, 2019 [Doc. 10]. On April 8, 2019, Judge McDonough ordered Plaintiff to file an appropriate motion or status update before April 26, 2019

1

[Doc. 11]. On April 25, 2019, Plaintiff filed the pending Motion for Default Judgment and Permanent Injunction [Doc. 12], requesting an entry of judgment by default and permanent injunction. The terms of the injunction include requiring Defendant to

> (1) timely file the federal employment and unemployment tax returns of A New Image Weight Loss; (2) withhold, collect and pay to the Internal Revenue Service A New Image Weight Loss's federal tax liabilities, and provide proof of the federal tax deposits to the Internal Revenue Service by the 20th day of each month; (3) refrain from assigning any property or making disbursements until all income and employment taxes are paid to the Internal Revenue Service; and (4) enjoin Connie Hicks d/b/a A New Image Weight Loss from further violating the internal revenue law.

[Doc. 12, pg. 1].

With the motion for default judgment, Plaintiff included a memorandum in support [Doc. 13], as well as a proposed order for the District Judge [Doc. 13-1] and an affidavit from Rachel May, a revenue officer with the Internal Revenue Service ("IRS") [Doc. 14].

**II.     Analysis**

The clerk must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." Fed.R.Civ.P. 55(a). After the clerk's entry of default, the court may then enter a default judgment. Fed.R.Civ.P. 55(b)(2). The court may conduct a hearing to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed.R.Civ.P. 55(b)(2). Additionally, if the party against whom default is sought has previously appeared before the court, that party 'must be served with written notice of the application at least 7 days before the hearing." Fed.R.Civ.P. 55(b)(2).

Plaintiff seeks a default judgment by the Court under Rule 55(b)(2). Upon review of Plaintiff's complaint [Doc. 1] and the pending motion, memorandum, and affidavit, the Court does not find an evidentiary hearing or oral argument necessary on any aspect of Plaintiff's motion.

2

While "[c]ases should be decided upon their merits whenever reasonably possible," it is not practical nor possible in every case. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006) (report and recommendation adopted on Apr. 10, 2006). However, as in *Disney Enterprises*, Defendant has failed to respond to the claims, even when given adequate notice. *See* [Doc. 13, pg. 3]. In its motion for default judgment, Plaintiff has established that Defendant was properly served with the complaint, that she did not answer or otherwise defend the action, and that the clerk entered a default against Defendant [Doc. 13, pg. 1]. As Defendant has not appeared before this Court, the notice requirement does not apply. Therefore, a default judgment is appropriate in this case.

Next, '[a] plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable injury; there is no adequate remedy at law; considering the balance of hardships between the parties, a remedy in equity is warranted; and that it is in the public's interest to issue the injunction." *AAA v. AAA Recovery & Towing, LLC*, No. 3:15-CV-211, 2017 WL 1207592, at *2 (E.D. Tenn. Mar. 31, 2017) (citing *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006)). Plaintiff requests a permanent injunction against Defendant as a result of the default, pursuant to 26 U.S.C. § 7402(a), which allows the court "to make and issue in civil actions, writs and orders of injunction…as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). This statute grants courts a broad scope of power. *United States v. ITS Financial, LLC*, 592 F. App'x 387, 394 (6th Cir. 2014) (citing *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984) ("The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws"); *see also Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957) ("It would be difficult to find language more clearly manifesting a congressional intention to provide the district courts with a full arsenal of powers to compel

3

compliance with the internal revenue laws.").

Through its undisputed motion and accompanying affidavit by Revenue Officer Rachel May, Plaintiff asserts that Defendant has had a significant history of avoiding tax responsibility, going far beyond the allegations in this case. From 2000 until 2015, Connie Hicks operated A New Image Weight Loss Clinic, Inc. as a corporation, where the company incurred a federal tax liability in excess of $127,000. While the IRS attempted to work with Hicks beginning in 2002 to bring her corporation into compliance with the internal revenue laws, this balance is still outstanding. As to Connie Hicks d/b/a A New Image Weight Loss, Hick's current sole proprietorship that she began operating in 2016, Defendant has failed to timely file her Employer's Quarterly Federal Tax Returns (Form 941) and annual Employer's FUTA Tax Returns (Form 940), as well as failing to make adequate payments as required by these forms. As of April 25, 2019, Defendant owes $92,913 for her failure to pay the entire balance required by Form 940 and Form 941 taxes from March 2016 to December 2018. Defendant has also failed to make sufficient employment tax deposits and failed to pay the unemployment taxes, as required by law.

Recently, the IRS continued to attempt to bring Defendant into compliance, to no avail. As a result, the IRS sent multiple notices and demands for payment, recorded Notices of Federal Tax Liens against Defendant, levied Hick's personal bank account (which returned insufficient funds to stop the accrual of tax or to pay her full obligation), and finally, on March 9, 2018, mailed a Letter 903 ("You Haven't Deposited Federal Employment Taxes") to place Hicks on notice of the IRS's right to seek this injunction. There has still been no response from Defendant.

Plaintiff further alleges that an injunction would serve the public interest "in the fair administration of the internal revenue laws and in fair competition by halting her wrongful practices" that has resulted in her competitive financial advantage over other businesses that are

4

lawfully paying taxes [Doc. 13, pg. 6]. It argues that an injunction is also necessary to prevent Defendant from further violating the law, since no other methods have been successful. *Id*. Defendant is also depriving Plaintiff of the lawful tax revenues owed to the government, while at the same time forcing the government to expend resources in the attempt of bringing Defendant into compliance. *Id*.

As such, the Court finds that Plaintiff has established that Defendant is not in compliance with the internal revenue laws and is willfully and systematically ignoring her obligation to comply. Despite all of the efforts made by the IRS to assist Defendant in paying her outstanding balance and filing her tax returns, Defendant has made no consistent effort to do either. By issuing this injunction, the Court finds that Defendant would not be harmed, as she is simply being ordered to comply with the internal revenue laws.

## IV. Conclusion

Therefore, the Court **RECOMMENDS** that Plaintiff's motion for default judgment be **GRANTED** and awarded permanent injunctive relief as requested in Plaintiff's default judgment motion and proposed order for permanent injunction [Doc. 13-1]. The undersigned **RECOMMENDS** Plaintiff be awarded permanent injunctive relief under 26 U.S.C. § 7402(a) as follows:

> (1) Defendant shall withhold federal income and FICA taxes from the wages of her employees when those wages are paid, shall keep the withheld funds in a bank account separate from any operating account or other accounts, and shall pay the withheld taxes to the Internal Revenue Service as they become due and payable.
>
> (2) Defendant shall make timely deposits of withheld federal income and FICA taxes and its share of FICA and FUTA taxes in an appropriate federal depository bank each quarter, in accordance with the federal deposit regulations.
>
> (3) No later than the 20th day of each month, Connie Hicks shall sign and deliver affidavits or other proof to the Internal Revenue Service, c/o Shane Murray, at 2513 Wesley Street, Suite #2, Johnson City, TN 37601, showing that the requisite

withheld federal income taxes, FICA taxes (both the employees' withheld portion and the employer's portion), and unemployment tax deposits were timely made.

(4) Defendant shall timely file with the IRS her employment (Form 941) and unemployment (Form 940) tax returns. Each return shall be considered to be timely filed if it is filed before the date it is due or within three days after the return is due. Connie Hicks shall pay any balance due on those returns upon filing.

(5) Defendant is prohibited after the date of this permanent injunction from assigning any property or making any disbursements until all income taxes and FICA taxes required to be withheld from employees' wages (together with the employer's liability for FICA taxes and FUTA taxes) are in fact paid to the Internal Revenue Service.

(6) Connie Hicks shall provide a quarterly statement of income and expenses and to timely make a quarterly estimated tax payment of personal income taxes to the Internal Revenue Service at Knoxville, Tennessee, or at such other location as the Internal Revenue Service may deem appropriate.[1]

Respectfully submitted,

s/ Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).